## Gibbs et al. v. Commonwealth.

November 15, 1949.

J. Milton Luker for appellants.

A. E. Funk, Attorney General, and H. D. Reed, Jr., Assistant Attorney General, for appellee.

CHIEF JUSTICE SIMS—Affirming.

Jesse Gibbs, Bob Gibbs and Hugh Hoskins were convicted of grand larceny and the punishment of each was fixed at confinement in the penitentiary for one year. Hoskins is not appealing. In their motion and grounds for a new trial the two Gibbs boys aver the court erred: 1. In admitting incompetent evidence and in excluding competent evidence over their objections; 2. in instructing the jury; 3. the verdict is flagrantly against the evidence.

The attorney representing accused on this appeal is not the one who represented them in the trial court. After conviction, the present counsel was employed to file their motion for a new trial, prepare the bill of exceptions and to brief the case in this court. He frankly admits no exceptions were taken to the rulings of the trial court on the admission and on the rejection of evidence; therefore, he is in no position to ask a reversal on the first ground. Furthermore, his brief points out no error in the instructions. We have examined the indictment and the instructions and find them to be regular and free from error.

The record is short and our examination of it shows the verdict is not flagrantly against the evidence. Mrs. Sim Bowling and her husband both testified that appellants and Hugh Hoskins came to their home on the

night of Oct. 31, 1948, stole and carried away 25 or 30 chickens worth at least $1 apiece, some harness, fruit and a handsaw. The Bowlings recognized all three of the accused when the lights of a car shown on them. The next day Mrs. Bowling made an affidavit for a search warrant and the home of Hoskins was searched. A large pan of chickens were cooking in his home—one witness testified it contained 7 or 8 chickens. Also there was found in his home some fruit and a sack, which the Bowlings identified as being similar and very much like such articles taken from them.

Appellants denied stealing the chickens and other articles from the Bowlings. By members of their families they proved an alibi. Clearly, the proof made an issue for the jury and the evidence was sufficient to support either a verdict of guilty or one of acquittal. It cannot be said logically that the verdict is flagrantly against the evidence. It is for the jury to determine the credibility of witnesses and it may accept the testimony of one set of witnesses to the exclusion of that produced by another set. Davis v. Commonwealth, 270 Ky. 53, 109 S. W. 2d 2; Carter v. Commonwealth, 278 Ky. 14, 128 S. W. 2d 214; Pearson v. Commonwealth 295 Ky. 616, 175 S. W. 2d 33.

The judgment is affirmed.